**IN THE COURT OF UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRIDGET A. NOVAK<br>235 PRINCETON AVENUE<br>ELYRIA, OHIO 44035<br><br>   Plaintiff<br><br>v.<br><br>LORAIN COUNTY COMMON PLEAS COURT<br>225 COURT STREET, 4TH FLOOR<br>ELYRIA, OHIO 44035<br><br>-AND-<br><br>LORAIN COUNTY ADULT PROBATION DEPARTMENT<br>308 SECOND STREET<br>ELYRIA, OHIO 44035<br><br>   Defendants | Case No.<br><br>Judge:<br><br>**COMPLAINT** |

**JURISDICTION AND VENUE**

1. The matter is brought under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*), and The Age Discrimination in Employment Act of 1967 (29 U.S.C. §621 - §634).

2. Plaintiff is a 53-year old female located in Lorain County, Ohio.

3. Defendant Lorain County Adult Probation is a Department of Defendant Lorain County Common Pleas Court and former employer of the Plaintiff.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

5. Defendants qualify as an employer for the purposes of this matter as it employs at least 50 individuals for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year.

## FACTUAL BACKGROUND

6. Plaintiff incorporates the aforementioned statements and further states the following:

7. Plaintiff was employed as an Adult Probation Officer through Lorain County Common Pleas Court from June 23, 2014 (originally as a presentence investigator) until approximately August 8, 2019 .

8. Plaintiff filed her charge against Defendants with the Equal Employment Opportunity Commission (EEOC) on or around June 14, 2019.

9. Plaintiff's charge to the EEOC pertained to instances of discrimination based on Plaintiff's age and gender.

10. On November 14, 2019, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

## CLAIMS

### COUNT 1: VIOLATION OF TITLE VII - INTENTIONAL DISCRIMINATION

11. Plaintiff incorporates the aforementioned statements and further states the following:

12. Plaintiff was, as all relevant times, a female officer working for the Lorain County Adult Probation Department, which was overseen by the Lorain County Common Pleas Court.

13. Defendant has subjected Plaintiff to various adverse employment actions, including reprimands, write-ups, unneeded scrutiny, removal from the Department's "field team" and eventually termination

14. However, during Plaintiff's employment, male co-workers were subject to less scrutiny, write-ups or reprimands than Plaintiff, or no scrutiny at all, for the for actions more severe than Plaintiff's.

15. Defendants have refused to reprimand or terminate male employees for discharging a firearm inside the building, using their position to take advantage of female probationers or engage in

actions such as drunk driving, sending a sexually explicit text message to a subordinate, as well as actions which would be considered a felony but demanded the Plaintiff's termination.

## COUNT 2: VIOLATION OF TITLE VII - RETALIATION

16. Plaintiff incorporates the aforementioned statements and further states the following:

17. Plaintiff was, as all relevant times, a female officer working for the Lorain County Adult Probation Department, which was overseen by the Lorain County Common Pleas Court.

18. Defendant has subjected Plaintiff to various adverse employment actions, including reprimands, write-ups, unneeded scrutiny, and eventually termination

19. However, during Plaintiff's employment, male co-workers were subject to less scrutiny, write-ups or reprimands than Plaintiff, or no scrutiny at all, for the for actions more severe than Plaintiff's.

20. Defendants have refused to reprimand or terminate male employees for discharging a firearm inside the building, using their position to take advantage of female probationers or engage in actions such as drunk driving, sending a sexually explicit text message to a subordinate, as well as actions which would be considered a felony but demanded the Plaintiff's termination.

21. Plaintiff repeatedly brought these issues to Defendants' attention, which resulted in additional scrutiny and adverse actions, and eventually, her termination.

## COUNT 3: VIOLATION OF THE ADEA (AGE DISCRIMINATION)

22. Plaintiff incorporates the aforementioned statements and further states the following:

23. As stated above, Plaintiff is a person over the age of 40.

24. Defendant has subjected Plaintiff to various adverse employment actions, including reprimands, write-ups, unneeded scrutiny, and termination.

25. However other substantially younger co-workers with less experience are subject to less scrutiny, write-ups or reprimands than Plaintiff, or no scrutiny at all, for the same or similar actions.

26. Upon information and belief, Defendants promoted a substantially younger employee with less seniority and less experience to a position Plaintiff is qualified for.

WHEREFORE, Plaintiff prays for relief in the following manner:

1. Compensatory damages on Count One in an amount to be exceeding $50,000.00 but to be determined at trial;

2. Compensatory damages on Count Two in an amount to be exceeding $50,000.00 but to be determined at trial;

3. Compensatory damages on Count Three in an amount to be exceeding $50,000.00 but to be determined at trial;

4. Court costs and reasonable attorney fees; and

5. Any further relief this Court deems fair and equitable.

                Respectfully Submitted

                /s/ Justin C. Miller, Esq.
                Justin C. Miller, Esq (0083276)
                Counsel for Plaintiff
                3443 Medina Road, Suite 101-E
                Medina, Ohio 44256
                (330) 952-1780    Phone
                (330) 952-1779    Fax
                justin@millerlegalohio.com
                www.millerlegalohio.com

## **JURY DEMAND**

A jury is demanded as to all triable issues in this matter.

                /s/ Justin C. Miller, Esq.
                Justin C. Miller, Esq (0083276)
                Counsel for Plaintiff