UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

—————————————————————
                                            :
BRIDGET A. NOVAK,                           :        CASE NO. 1:20-cv-00303
                                            :
          Plaintiff,                        :        ORDER
                                            :        [Resolving Doc. 25]
vs.                                         :
                                            :
SHERRY CLOUSER, *et al.*,                   :
                                            :
          Defendants.                       :
                                            :
                                            :
—————————————————————

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Bridget A. Novak, formerly employed by Lorain County Ohio Court of Common Pleas, sues Lorain County and her former supervisors.[1]  Defendants move for judgment on the pleadings.[2]  Plaintiff has not filed an opposition.

For the following reasons, the Court **GRANTS** Defendants' motion.

I.     **Background**

On February 12, 2020, Plaintiff Novak, then represented by counsel, sued Lorain County Common Pleas Court and Lorain County Adult Probation Department.[3]  Plaintiff Novak generally alleged that Defendants discriminated against her on the basis of her age and sex in violation of federal law.[4]

On March 10, 2020, Defendants moved for judgment on the pleadings, arguing that neither Lorain County Common Pleas Court nor Lorain County Adult Probation

—————————————
[1] Doc. 19.
[2] Doc. 25.
[3] Doc. 1.
[4] *Id.*

Case No. 1:20-cv-00303
Gwin, J.

Department are *sui juris* (*i.e.*, able to sue or be sued).[5]

Rather than oppose Defendants' motion, Plaintiff filed a first amended complaint.[6] In the first amended complaint, Plaintiff Novak changed the defendants to Lorain County Court of Common Pleas Administrator Sherry Closure and Deputy Administrator Debra Tansey.[7]

On April 14, 2020, Defendants filed a second motion for judgment on the pleadings.[8] With this second motion, Defendants argued that Plaintiff again sued nonviable parties.[9]

Rather than oppose Defendants' motion, Plaintiff filed a second amended complaint, naming a new set of defendants.[10] In this most recent complaint, Plaintiff sues (1) Lorain County; (2) the Honorable Raymond J. Ewers, the Administrative Judge for the Lorain County Court of Common Pleas; (3) Court Administrator Sherry Clouser; and (4) Deputy Court Administrator Debra Tansey.[11]

Immediately after filing the second amended complaint, Plaintiff's counsel moved to withdraw.[12] He said that Novak informed him that she no longer wanted his representation.[13]

On May 21, 2020, the Court granted Plaintiff's counsel's motion to withdraw.[14] The

---

[5] Doc. 7.
[6] Doc. 10.
[7] *Id.*
[8] Doc. 12.
[9] *Id.*
[10] Doc. 19.
[11] *Id.*
[12] Doc. 20.
[13] *Id.* at 1.
[14] Doc. 24.

Case No. 1:20-cv-00303
Gwin, J.

Court instructed that, "Plaintiff should obtain substitute counsel."  To date, Plaintiff has not

obtained substitute counsel.

On June 5, 2020, Defendants filed a third motion for judgment on the pleadings.[15]

With this third motion, Defendants argued that Plaintiff again sued nonviable parties.[16]

On July 10, 2020, the Court ordered Plaintiff to respond to Defendants' third motion

for judgment on the pleadings by July 24, 2020.  This deadline has passed, and Plaintiff has

not responded to Defendants' motion.

On July 27, 2020, Plaintiff Novak moved to postpone proceedings.[17]  Novak asked

for a stay pending resolution of a state personnel administrative review.[18]  The Court

hereby **DENIES** Plaintiff's motion to postpone proceedings.  The state review body's

decision is unrelated to this instant case.

The Court considers the Defendants' third motion for judgment on the pleadings.

## II.    Standard of Review

When considering a motion for judgment on the pleadings under Federal Rule of

Civil Procedure 12(c), "all well-pleaded material allegations of the pleadings of the

opposing party must be taken as true, and the motion may be granted only if the moving

party is nevertheless clearly entitled to judgment."[19]

## III.    Discussion

In Defendants' third motion for judgment on the pleadings, Defendants argue that

Plaintiff's second amended complaint fails to sue any viable party under Title VII or the Age

---

[15] Doc. 25.
[16] *Id.*
[17] Doc. 30.
[18] *Id.* at 1.
[19] *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

Case No. 1:20-cv-00303
Gwin, J.

Discrimination in Employment Act.[20]  Specifically, Defendants argue that (1) the individual Defendants are not "employers" within the meaning of the relevant statutes and (2) Lorain County is a legal entity distinct from the Lorain County Court of Common Pleas and therefore never employed Plaintiff.[21]

The Court considers each argument in turn.

### A. The Individual Defendants Are Not Viable Parties in This Suit.

Defendants argue that the individual defendants—Ewers, Clouser, and Tansey—do not qualify as "employers" under Title VII or the Age Discrimination in Employment Act.[22]

Defendants are correct that under federal law individual supervisors cannot be sued in their individual capacities.[23]  However, Plaintiff's complaint seems to sue the individual Defendants in their *official capacities*.

The complaint caption names the defendants as follows: "Honorable Raymond J. Ewers, as administrative judge for the Lorain County Court of Common Pleas," "Sherry Closure as Administrator [for the] Lorain County Court of Common Pleas," and "Debra Tansey as Deputy Administrator [for the] Lorain County Court of Common Pleas."[24]

The dependent clauses following the Defendants' names (*e.g.*, "as Administrator") suggest an "official capacity" suit.  Furthermore, "[i]f there is *no* indication that defendants are being sued in their individual capacities, the Court assumes they are being sued in their

---

[20] Doc. 25 at 3-4.

[21] *Id.*

[22] Doc. 25 at 5-7.

[23] *Wathen v. General Electric Co.,* 115 F.3d 400 (6th Cir. 1997); *see also Liggins v. State of Ohio,* 210 F.3d 372 (6th Cir. 2000) (affirming district court's dismissal of Title VII and ADEA claims against individual defendants because "defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination").

[24] Doc. 19 at 1 (emphasis added).

-4-

Case No. 1:20-cv-00303
Gwin, J.

official capacities."[25]

Because Plaintiff sues Ewers, Clouser, and Tansey in their official capacities, Plaintiff is suing the government agency itself.[26]  Thus, Plaintiff is suing her employer, the Lorain County Court of Common Pleas.

Unfortunately for Plaintiff, Lorain County Court of Common Pleas is not *sui juris* and therefore cannot be sued in court.

State law determines a state entity's capacity to sue or be sued in federal court.[27]  The Ohio Supreme Court has held that, under Ohio law, a court can neither sue nor be sued absent "express statutory authority."[28]  Because "the State of Ohio is the only entity capable of providing express statutory authority for a court to be sued—Title VII [or any other federal statute] cannot provide that authority."[29]

Accordingly, the Court **GRANTS** Defendants' motion for judgment on the pleadings as to Plaintiff's claims against the individual defendants.

### B. Lorain County Is Also Not a Viable Party in This Suit.

Defendants argue that "[t]he County is likewise not an appropriate party in this matter because the County was not Novak's employer as a matter of law."[30]

---

[25] *Rose v. Reed*, No. 2:12-CV-977, 2014 WL 3547375, at *4 (S.D. Ohio July 17, 2014) (quoting and affirming magistrate judge).

[26] *Hunter v. Lipps*, No. C-1-07-004, 2007 WL 2029043, at *5 (S.D. Ohio Jul. 10, 2007) ("[T]here appears to be no bar to a plaintiff bringing Title VII and ADEA claims against individual defendants in their official capacity, which is in effect a lawsuit against the governmental agency itself.").

[27] Fed. R. Civ. P. 17(b)(3).

[28] *Malone v. Court of Common Pleas of Cuyahoga Cty.*, 344 N.E.2d 126, 128 (Ohio 1976).

[29] *Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 530 (N.D. Ohio 2012) (citation omitted); *see Williams v. City of Columbus, Ohio*, 892 F. Supp. 2d 918, 923 (S.D. Ohio 2012) (dismissing municipal court as a party in a § 1983 and Title VII action alleging racial and sexual harassment "because under Ohio law, Ohio courts are not *sui juris*"); *Lavelle v. Wood Cty.*, No. 3:09 CV 2998, 2010 WL 2572861, at *3–4 (N.D. Ohio June 23, 2017) (holding that Title VII action could not be maintained against state juvenile court as a matter of law).

[30] Doc. 25 at 3; *see also id.* at 7-9.

-5-

Case No. 1:20-cv-00303
Gwin, J.

Defendants are correct.  Lorain County Court of Common Pleas (where Novak worked) and Lorain County are separate and distinct legal entities.

Ohio courts are state entities, not divisions of county government.[31]

Because Plaintiff cannot allege facts that, if believed, would establish that Lorain County was her employer, the County cannot be held liable for any claims involving employment discrimination.[32]

Accordingly, the Court **GRANTS** Defendants' motion for judgment on the pleadings as to Plaintiff's claims against Lorain County.

## IV.    Conclusion

Plaintiff's motion to postpone proceedings is **DENIED**.[33]  Defendants' third motion for judgment on the pleadings is **GRANTED** in full.[34]  This case is **DISMISSED**.

IT IS SO ORDERED.

Dated:  August 6, 2020                          s/        *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[31] *See Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997) ("Consequently, an Ohio common pleas court is *not* a segment of county government, but an arm of the state . . . .") (emphasis in original).
[32] *See, e.g., Lavelle*, 2010 WL 2572861, at *2-3 (concluding that county could not be held liable—under Title VII, the ADA, and § 4112—for alleged employment discrimination involving former employee of juvenile court).
[33] Doc. 30.
[34] Doc. 25.